IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FREDERICK GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-11-1446-F |
| | ) |
| GREGORY T. RITTER, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the Court is Plaintiff's "Affidavit for Entry of Default Judgment" [Doc. No. 22]. This affidavit, liberally construed as a motion, seeks default judgment against Defendants Gregory T. Ritter and Mike Addison.

The basis of Plaintiff's motion is the alleged failure of the Defendants to respond to the complaint. The undersigned finds Plaintiff's motion for default judgment to be without merit, and therefore recommends that it be denied.

When a defendant fails to "plead or otherwise defend," and that failure is shown by affidavit or otherwise, default must be entered by the clerk of the court. Fed. R. Civ. P. 55(a). Thereafter, the prevailing party may ask the Court to enter default judgment. See Fed. R. Civ. P. 55(b)(2). Without an entry of default, the Court cannot grant

judgment. *See Garrett v. Seymour*, No. 06-7029, 217 Fed. Appx. 835, 838 (10th Cir. Feb. 23, 2007) (the clerk's entry of default is a prerequisite for the entry of a default judgment).[1]  Here, Plaintiff does not allege that default has been entered by the Clerk of Court in this case against either of the named Defendants.  Moreover, it appears that the Court Clerk lacks any grounds to do so.  According to the Order for Special Report [Doc. No. 8], the Defendants' answers are due 60 days from the date of service.  In support of the current motion, Plaintiff alleges that Defendants Ritter and Addison were served on July 24, 2012.  Accordingly, their answers or motions to dismiss are due no earlier than September 24, 2012. Accordingly, it is recommended that the motion for default judgment be denied.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's motion for default judgment [Doc. No. 22] be denied.  The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 12, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[1] This unpublished disposition is cited as persuasive authority pursuant to Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

This Report and Recommendation does not dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 25th day of September, 2012.**

*[signature]*

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE