IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FREDERICK GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-11-1446-F |
| | ) |
| GREGORY T. RITTER, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro* se and *in forma pauperis* brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). This matter is before the Court on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for alleged insufficiency of service of process (ECF No. 25). Plaintiff has responded, (ECF No. 29), and the motion is at issue.[1] For the following reasons, it is recommended that Defendants' Motion to Dismiss for insufficiency of service be **DENIED**.

## BACKGROUND

After sending waivers of service to each of the defendants twice without success, a United States Deputy Marshall personally delivered two summonses, one directed at each of the defendants, to the Joseph Harp Correctional Center (JHCC) in Lexington,

---

[1] Plaintiff earlier filed a Motion for Extension of Time to File Response (ECF No. 28). Thereafter, Plaintiff filed his Response which the undersigned Magistrate Judge has considered. It is therefore recommended that Plaintiff's Motion for Extension of Time be denied as moot.

Oklahoma. The summonses were executed on July 24, 2012 (ECF Nos. 20, 21). Each summons had been signed by "Debbie Mills" who identified herself on the summonses as "service agent for JHCC." *Id.*

Rather than file their answers and the court-ordered Special Report, Defendants Ritter and Addison moved for dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(5) alleging insufficiency of service of process (ECF No. 25). Defendants contend that they have not been properly served in strict compliance with the law, that Debbie Mills has not been appointed as service agent for either of them, that service of process is, therefore, insufficient, and that the case against them should be dismissed. Plaintiff contends in his Response that service of process substantially complied with Oklahoma law and that dismissal is, therefore, not warranted.

## ANALYSIS

Rule 4(e), Fed. R. Civ. P., prescribes three ways in which service of process may be effected upon an individual:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4. Under Oklahoma law, personal service upon an individual may be made by leaving the summons at the person's dwelling house or usual place of abode, or by delivery to an agent authorized by appointment or by law to receive service. Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

But Oklahoma law does not require a plaintiff to strictly comply with the Oklahoma statutory scheme for service to be deemed effective. *See Graff v. Kelly*, 814 P.2d 489, 495 (Okla. 1991). Rather, "substantial compliance" is sufficient. *See id.* ("We conclude and so hold that the Oklahoma Pleading Code requires substantial compliance in order for the trial court to have jurisdiction over the person of the defendant."). "To determine whether substantial compliance has occurred, the court must consider the circumstances and 'determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice.'" *Shaffer v. Skechers, USA, Inc.*, No. CIV–09–167–D, 2009 WL 3837408, at *2 (W.D. Okla. Nov. 16, 2009) (unpublished) (*citing Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 798 (10th Cir. 2008) and *Shamblin v. Beasley*, 967 P.2d 1200, 1209 (Okla. 1999)). "'The adopted test requires that under all the circumstances present in a case there be a reasonable probability the service of process employed apprized its recipient of the plaintiff's pressed demands and the result attendant to default.'" *Hukill*, 542 F.3d at 799 (*quoting Vance v. Fed. Nat'l Mortgage Ass'n*, 988 P.2d

1275, 1279–80 (Okla. 1999)). In the case of a third party's receipt of notice, there must be a "reasonable probability that the person who was not individually served [nonetheless] will receive actual notice from one by whom service was accepted." *Shamblin*, 967 P.2d at 1209.

In this case, Plaintiff is incarcerated, and the United States Department of Justice was ordered to serve defendants directly at the facility where they work (ECF No. 13). Oklahoma law gives courts discretion to fashion a method of service appropriate to particular circumstances so long as the method of service is reasonably calculated to give a defendant actual notice of the proceedings and an opportunity to be heard. *See Graff v. Kelly*, 814 P.2d at 495 (*citing Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In compliance with this court's order, the United States Marshal delivered copies of the summonses and complaint to the defendants' workplace, and left them with an employee identified by Defendant Addison in his Affidavit, affixed to the Motion to Dismiss, as "an employee of JHCC with temporary responsibilities as Warden's secretary" (ECF No. 25-2). As noted above, Ms. Debbie Mills signed the summonses and identified herself as agent for service of process. This method of service substantially complied with Oklahoma law, was reasonably calculated to give the defendants actual notice of the proceedings, and did, in fact, actually notify the defendants, as evidenced by Counsel's entry of appearance on their behalf and the Motion to Dismiss itself. It is therefore recommended that Defendants' Motion to Dismiss (ECF No. 25) be denied.

## RECOMMENDATION

It is hereby recommended that Defendants' Motion to Dismiss (ECF No. 25) be denied. It is further recommended that Plaintiff's Motion for Extension of Time (ECF No. 28) be denied as moot.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **April 1, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

**ENTERED** on March 14, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE